UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES DANCSEC,

    Plaintiff,

v.                                                                                          Case No: 2:13-cv-471-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

    Defendant.

## OPINION AND ORDER

Plaintiff, James Dancsec, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **REVERSED AND REMANDED**, pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I.  Social Security Act Eligibility, Procedural History, and Standard of Review**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Procedural History

On June 23, 2010, Plaintiff filed an application for a period of disability, disability insurance benefits and supplemental security income, alleging a disability onset date of May 12, 2010. (Tr. 12). Plaintiff's request for benefits was initially denied on September 2, 2010, and upon reconsideration on December 13, 2010. (Tr. 12). Plaintiff filed a written request for a hearing on January 28, 2011. (Tr. 12). An administrative video hearing was held before Administrative Law Judge ("ALJ") William M. Manico on January 6, 2012. (Tr. 12). Plaintiff appeared in Fort Myers, Florida, and the ALJ presided over the hearing from Falls Church, Virginia. (Tr. 12). On March 2, 2012, the ALJ rendered his decision finding that Plaintiff was not under a disability, as defined by the Social Security act, from May 12, 2010, through the date of his decision. (Tr. 20). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 15, 2013. (Tr. 1).

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence

or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At Step Two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At Step Three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At Step Four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At Step Five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**II.     Background Facts and Summary of ALJ's Findings**

**A. Background Facts**

Plaintiff was born on September 25, 1959, and was 50 years of age at the time of the alleged disability onset date. (Tr. 19). Plaintiff has at least a high school education and is able to communicate in English. (Tr. 19). Plaintiff has past relevant work experience as an auto

mechanic and as an electrician assistant. (Tr. 19).

### B. The ALJ's Findings

At the first step, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011, and had not engaged in substantial gainful activity since May 12, 2010, his alleged onset date. (Tr. 14).

At the second step, the ALJ determined that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease and (2) cardiopulmonary disease. (Tr. 14).

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 15-16).

Before proceeding to the fourth step, the ALJ made the following residual functional capacity ("RFC") determination:

> the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that walking continuously is limited to 15 minutes. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; and can never crawl or climb ladders, ropes or scaffolds. He is to avoid concentrated exposure to vibration, and hazards such as dangerous machinery, and unprotected heights, etc.

(Tr. 16). Given this RFC, at the fourth step the ALJ found that Plaintiff is unable to perform his past relevant work as an auto mechanic or electrician assistant. (Tr. 19).

At the fifth step, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 20). Relying on the testimony of the vocational expert who testified during the administrative hearing, the ALJ found that a person with Plaintiff's age, education, work experience, and RFC could work the jobs of cashier II and toll collector. (Tr. 20). The ALJ

concluded that Plaintiff was not been under a disability, as defined in the Social Security Act, from May 12, 2010, through the date of the ALJ's decision. (Tr. 20).

### III.   Specific Issues on Appeal

Plaintiff presents two issues on appeal: (1) whether the ALJ erred by not giving controlling weight to the opinion of the treating physician and further erred by not providing good cause (or any cause) as to why the opinion was not given controlling weight; and (2) whether the ALJ erred by failing to find that Plaintiff's peripheral neuropathy is severe. (Doc. 25 p. 15, 20).  The Court will address each in turn.

> **A. Whether the ALJ erred by not giving controlling weight to the opinion of the treating physician and further erred by not providing good cause (or any cause) as to why the opinion was not given controlling weight**

In his opinion, the ALJ addressed the opinion of Plaintiff's treating physician, Fred Liebowitz, M.D. as follows:

> . . . the opinion by pain management specialist Dr. Liebowitz in July 2011 that the claimant can lift up to 20 pounds occasionally, can reach above shoulder level, can use hands for repetitive simple rasping, pushing and pulling, and fine manipulation, and use feet for repetitive movements as in operating foot controls, can stand/walk a total of 2 hours at one time, and can never crawl or climb and can occasionally bend and squat, are all given significant weight and incorporated into the above RFC as they are consistent with exam records and the claimant's activities.  His opinion that the claimant can stand/walk a total of 2 hours throughout the day and that he can sit for a total of 2 hours throughout the day and can sit for only 15 minutes at a time are given no weight because the opinion is not explained and is inconsistent with exam records.

(Tr. 18) (internal citations omitted).  Plaintiff takes issue with the ALJ's treatment of Dr. Liebowitz's opinion, contending that the ALJ failed to adequately explain his reasoning for according no weight to Dr. Liebowitz's opinion that Plaintiff can only stand or walk a total of two hours throughout the day, that Plaintiff can only sit for a total of two hours throughout the day and that Plaintiff can sit for only 15 minutes at a time. (Doc. 25 p. 16).

Defendant responds that the ALJ properly considered all the relevant evidence in assessing Plaintiff's RFC, including the records and opinions of the physicians who treated and examined Plaintiff. (Doc. 26 p. 6). As to the opinion of Dr. Liebowitz, Defendant argues that the ALJ provided good reasons, supported by substantial evidence, for his decision to assign no weight to Dr. Liebowtiz's opinion that Plaintiff is limited to standing/walking a total of two hours during an eight-hour day and sitting two hours during an eight-hour day for only fifteen minutes at a time. (Doc. 26 p. 8).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physician and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the Court finds that the ALJ erred in his analysis of the opinion of Dr. Liebowitz. As Dr. Liebowtiz was a treating physician, his opinion was entitled to significant weight. The fact that the ALJ accorded "significant weight" to a portion of Dr. Liebowitz's opinion did not excuse the ALJ from *Winschel*'s requirement to explain his reasons for according the remaining portion of Dr. Liebowitz's opinion "no weight." *See Person –Littrell v. Comm'r Soc. Sec.,* 2012 WL 3609856, at *3 n. 2 (M.D. Fla. Aug. 22, 2012) (explaining that *Winschel* requires an ALJ to state the reasons with particularity for rejecting a portion of a physician's opinion even after according another portion great weight). Thus, to overcome this presumption, the ALJ was required to show good cause why he accorded "no weight" to Dr. Liebowitz's opinion that Plaintiff can only stand or walk a total of two hours throughout the day, that Plaintiff can only sit for a total of two hours throughout the day and that Plaintiff can sit for only 15 minutes at a time. Here, the ALJ failed to do so. The ALJ's sparse explanation that this opinion was entitled to "no weight" because the opinion was not explained and was inconsistent with exam records, does not constitute the requisite good cause to reject Dr. Liebowitz's treating physician's opinion. The ALJ draws out no inconsistency between Dr. Liebowitz's opinion and the record, but merely relies on the blanket statement to support good cause. Given the ALJ's sparse analysis, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning his conclusion that Dr. Liebowitz's finding was entitled to "no weight." *See Robinson v. Astrue,* 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009). Therefore, the Court finds that this case is due to be remanded with instructions to the ALJ to provide further analysis for his decision to accord "no weight" to Dr. Liebowitz's opinion that Plaintiff can only stand or walk a total of two hours throughout the day, that Plaintiff can only sit for a total of two hours throughout the day and that Plaintiff can sit for only 15 minutes at a time.

### B. Whether the ALJ erred by failing to find that Plaintiff's peripheral neuropathy is severe

Plaintiff argues that the ALJ committed a legal error by failing to find that Plaintiff's peripheral neuropathy is a severe impairment. (Doc. 25 p. 20). According to Plaintiff, Dr. Liebowitz's records are replete with documentation, and diagnosis, of peripheral neuropathy through the entire relevant period. (Doc. 25 p. 20). Plaintiff contends this error is not harmless because peripheral neuropathy is a condition that separately and specifically identified as its own impairment under the regulations. (Doc. 25 p. 21).

Defendant responds that the relevant inquiry is the extent to which Plaintiff's peripheral neuropathy limits his ability to work. (Doc. 26 p. 14). Defendant argues that the ALJ considered the combined effect of Plaintiff's impairments, and that Plaintiff simply failed to show that his peripheral neuropathy whether sever or not severe, caused any additional limitations not included in the ALJ's RFC. (Doc. 26 p. 14).

At issue here is step two of the ALJ's disability determination, where severity is analyzed. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, ___ F. App'x ___, 2013 WL 6840288, at *1 (11th Cir. Dec. 30, 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the ALJ found Plaintiff had the severe impairments of degenerative disc disease and cardiopulmonary disease, and proceeded on to the other steps of the sequential evaluation process. The ALJ specified that Plaintiff did not have an "impairment or combination of impairments" that met or medically equaled a listed impairment, thus showing that the ALJ considered the combined effect of Plaintiff's impairments. For these reasons, the Court finds that remand is not appropriate for the ALJ's failure to find that Plaintiff's diagnosis of peripheral neuropathy constituted a severe impairment at step two.

## IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence. The decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to properly analyze the opinion of Plaintiff's treating physician, Dr. Liebowitz. The Clerk of Court is directed to enter Judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 12, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties